# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50954
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ALEJANDRO LOMAS-RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1888-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Juan Alejandro Lomas-Rodriguez pleaded guilty pursuant to a plea agreement to a single count of conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. As part of his plea agreement, he agreed to waive his right to appeal, except for claims of prosecutorial misconduct or ineffective assistance of counsel. The Government agreed, in relevant part, to "make known to the sentencing court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the extent of Defendant's truthful and substantial cooperation with the Government, if Defendant should choose to cooperate."

On appeal, Lomas-Rodriguez argues that the Government breached the plea agreement and committed prosecutorial misconduct by failing to inform the district court at sentencing of the extent of his cooperation. If the Government breaches a plea agreement, a waiver of appeal provision is void and not enforceable. *See United States v. Keresztury,* 293 F.3d 750, 755-57 (5th Cir. 2002). Lomas-Rodriguez concedes that, because he did not raise this issue below, review is for plain error. *See United States v. Reeves,* 255 F.3d 208, 210 (5th Cir. 2001).

We find that no breach of the plea agreement, or prosecutorial misconduct, occurred. Although the Government made no explicit statement regarding cooperation at sentencing, the record shows that the district court was aware of the results of Lomas-Rodriguez's debriefings through the Pre-Sentence Report (PSR) and other documents. *Cf. Reeves,* 255 F.3d at 210 (finding no breach of plea agreement because Government's agreement to recommend a particular sentence was satisfied by the inclusion of the plea agreement in the PSR). The district court specifically referenced Lomas-Rodriguez's debriefings during sentencing, stated it believed his version of events, and noted that he had satisfied the requirements to obtain the benefit of the "safety valve" sentencing provisions found in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f). Because the Government did not breach its obligation to "make known" to the district court the results of these debriefings, the waiver of appeal provision is valid and enforceable.

APPEAL DISMISSED.